IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| MELISSA GAYE JORDAN, ) | |
| ) | |
| *Plaintiff*, ) | Civil No. 1:16-cv-951 |
| ) | Hon. Liam O'Grady |
| v. ) | Hon. Theresa Buchanan |
| ) | |
| NANCY A. BERRYHILL, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

This matter comes before the Court on Plaintiff Melissa Gaye Jordan's Partial Exceptions to the Report and Recommendation of the United States Magistrate Judge (Dkt. 27). In her motion, Plaintiff asserts three grounds of error in United States Magistrate Judge Buchanan's Report and Recommendation ("R&R") (Dkt. No. 25). This Court reviews *de novo* those portions of the R&R to which objection is made. *See* 28 U.S.C.A. § 636. Having reviewed the record, the Court finds no error in Magistrate Judge Buchanan's R&R, which the Court hereby **APPROVES AND ADOPTS IN FULL**. Plaintiff's three assignments of error fail for the reasons explained below.

First, Plaintiff asserts that the Administrative Law Judge ("ALJ") erred by failing to address Plaintiff's purported physical limitations in his decision. Dkt. 27 at 2. As part of this argument, Plaintiff claims that Magistrate Judge Buchanan erred by failing to include in her R&R "a discussion of all the impairments the ALJ found to be severe, including COPD and painful lower back impairment." *Id.*

Plaintiff cannot now, for the first time, challenge whether her physical impairments received proper consideration by the ALJ. The Fourth Circuit has held that a party may not assert

entirely new issues for the first time in objections to a magistrate judge's recommendation. *See Samples v. Ballard*, 860 F.3d 266, 273 (4th Cir. 2017). In *Samples*, the Fourth Circuit elaborated on its decision in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992). The court in *George* held that "as part of [a district court's] obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *George*, 971 F.2d at 1118. In *Samples*, the Fourth Circuit explained that "*George* envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*." *Samples*, 860 F.3d at 272. The Court further defined the *issues* as the "asserted grounds for relief," and the *arguments* as "whatever position is taken in support of or against each asserted ground for relief." *Id.* at 273.

Following this scheme, the relevant "issue" that Plaintiff asserted before Magistrate Judge Buchanan was the ALJ's purported failure to properly consider Plaintiff's mental impairments. Plaintiff herself acknowledges that her appeal was focused on the ALJ's treatment of the evidence of Plaintiff's mental impairments. *See* Dkt. 27 at 2. Her memorandum in support of her Motion for Summary Judgment only challenged Defendant's decision based on Plaintiff's mental impairments.[1] *See* Dkt. 15 at 2, 5 ("[Plaintiff] has a number of impairments including high blood pressure, chronic obstructive pulmonary disease, sleep apnea, and arthritis. *Of paramount importance, however*, [Plaintiff] has suffered from *mental* impairments since early childhood . . . The overwhelming medical evidence of record shows [Plaintiff] to be suffering from severe and disabling *mental* impairments.") (emphasis added). Although Plaintiff is entitled in her objection to raise new *arguments* related to the whether the ALJ properly considered her

---

[1] This is true despite the fact that the header of Plaintiff's Issue I is broadly phrased as "Whether Defendant erred by failing to support his decision by substantial evidence." *See* Dkt. 15 at 1. The argument beneath that header is limited to a discussion of the ALJ's consideration of *mental* impairments. *See id.* at 5.

2

mental impairments, she cannot now raise the new issue of whether the ALJ properly considered her physical impairments.[2]

In her second assignment of error, Plaintiff claims that Magistrate Judge Buchanan incorrectly referred to certain physicians as Plaintiff's "other doctors," when in fact these physicians were "consultative examiners who did not have a longitudinal history of treatment of [Plaintiff] and thus [were] not as familiar with the severity of [Plaintiff's] impairments as Dr. Wilson." Dkt. 27 at 2-3. Although the argument is not entirely clear (and Plaintiff does not provide a cite for the objectionable statement), Plaintiff seems to suggest that Magistrate Judge Buchanan erroneously believes that the consulting medical experts were Plaintiff's treating physicians, thereby skewing the review of the ALJ's decision. However, a review of the R&R makes clear that Magistrate Judge Buchanan distinguished between Dr. Wilson as Plaintiff's treating physician and other physicians as consultants. *See* Dkt. 25 at 8; 11; 14; 18-19; 25. Plaintiff's unsupported contention to the contrary is meritless.

Third, Plaintiff reasserts an argument made in her appeal, alleging that the ALJ's hypothetical question to the vocational expert ("VE") failed to properly approximate an individual with impairments and limitations similar to Plaintiff's, and that Plaintiff's representative was "cut off" at the hearing by the ALJ. *See* Dkt. 27 at 3; Dkt. 15 at 6-7. Because "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review," Plaintiff's third argument fails. *Nichols*

---

[2] Additionally, permitting Plaintiff to raise the new issue of the ALJ's consideration of her purported physical impairments would lead to inequitable results. Defendant relied on this limitation in her memorandum supporting her Motion for Summary Judgment and opposing Plaintiff's. *See* Dkt. 22 at 3 n.3. Plaintiff's Opposition to Defendant's motion did not object to Defendant's characterization of the limited scope of review, nor did it reference physical impairments. *See* Dkt. 23. Magistrate Judge Buchanan also relied on this limitation in her R&R. *See* Dkt. 25 at 7 n.3 ("Because Plaintiff limited her arguments on appeal to issues relating to her mental impairments, the relevant medical evidence will be limited to evidence pertaining to Plaintiff's mental impairments.").

*v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (noting that the purpose of magistrate review is to conserve judicial resources).

Therefore, upon review of the record and for good cause shown, the Court hereby **APPROVES AND ADOPTS IN FULL** Magistrate Judge Buchanan's R&R (Dkt. 25).

It is **SO ORDERED**.

January 23, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge